FILED

JAN 26 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10140 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00083-RCJ-RJJ-1 |
| v. | |
| RAMON VICENTE GONZALEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted January 11, 2011[**]
San Francisco, California

Before: SCHROEDER, RAWLINSON, and BEA, Circuit Judges.

Ramon Gonzalez was convicted of being a Felon in Possession of a Firearm

in violation of 18 U.S.C. § 922(g). Gonzalez appeals the district court's order

which denied his motion to suppress a firearm police officers found in the trunk of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

a car he was driving, on the grounds that officers violated the Fourth Amendment. We have jurisdiction under 28 U.S.C. § 1291. We affirm.[1]

Contrary to Gonzalez's contentions, officers did not unlawfully coerce him into believing he had no right to withdraw his consent to the search when they positioned him facing away from the vehicle being searched. Gonzalez thrice gave his specific consent to a search of both the vehicle and his trunk—twice verbally and once in writing. Police officers thrice informed him of his right to refuse consent. Thus, Gonzalez knew the officers would be searching the vehicle and its trunk—regardless of whether he could witness the search—and he knew of his right to refuse consent.

In *United States v. McWeeney*, 454 F.3d 1030 (9th Cir. 2006), this court set out six factors to consider to determine whether police officers objectively coerced a defendant "into believing that [he] had no right to withdraw or delimit [his] consent once it was given." *Id.* at 1037. Those factors are: "1) the language used to instruct the suspect; 2) the physical surroundings of the search; 3) the extent to which there were legitimate reasons for the officers to preclude the suspect from observing the search; 4) the relationship between the means used to prevent

---

[1] Because the parties are familiar with the facts of the case, we will repeat them here only to the extent necessary to explain our decision.

observation of the search and the reasons justifying the means; 5) the existence of any changes in circumstances between when consent was obtained and when the officers prevent[ed] the suspect from observing the search; and 6) the degree of pressure applied to prevent the suspect either from observing the search or voicing his objection to its proceeding further." *Id*.

The district court did not err in its application of the *McWeeney* factors. There is no indication the physical surroundings indicated Gonzalez could not withdraw his consent. Moreover, police had legitimate safety reasons to request that Gonzalez place his hands on the car while the search was ongoing. Gonzalez had told officers he was a convicted armed robber, and officers described him as looking "nervous" throughout the encounter. Because Gonzalez's hands were on the patrol car, officers were able to monitor his movements during the search. Besides the fact that Gonzalez was asked to place his hands on the car, there was no relevant change in circumstances between his consent and the search. Finally, officers applied no pressure or force on Gonzalez to prevent him from observing the search. Gonzalez was merely asked to face the patrol car and place his hands on the car. There is no indication Gonzalez attempted to turn around to view the search, or that he was prevented from doing so.

**AFFIRMED.**

3